**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| EDWARD J. NIKSICH, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:08-cv-229-DFH-JMS |
| ) | |
| STANLEY KNIGHT, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The writ Edward J. Niksich seeks in relation to the prison disciplinary proceeding in which he was sanctioned can be issued only if the court finds that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be **denied.** This conclusion is based on the following facts and circumstances:

1.  Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

2.  "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In these circumstances, Niksich was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

3.    The pleadings and the expanded record in this action establish the following:

a.    Niksich is confined at an Indiana prison. In a proceeding identified as No. ISR 07-10-0215, he was charged with the violation of any federal, state or local criminal law, and specifically with the filing of false or fraudulent tax documents.

b.    Niksich was provided with a copy of the charge and notified of his procedural rights in connection with the matter. A hearing was conducted on October 30, 2007. Niksich was present and made a statement. After considering this statement and the other evidence, the conduct board found Niksich guilty as charged.

4.    After completing his administrative appeal, Niksich filed the present action. He contends that the disciplinary proceeding is tainted by constitutional error. His specific claims are that: 1) he was denied evidence; 2) he had insufficient notice; and 3) there was insufficient evidence to find him guilty.

5.    "The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Using the Supreme Court's decisions in *Wolff* and *Hill* as an analytical template, Niksich received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Niksich was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued written reasons for its decision and for the sanctions which were imposed.

6.    Niksich's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

a.    Niksich argues that he was denied evidence, not allowed to present a defense and was only allowed to answer specific questions when asked. Whatever basis might exist for even the argument on this point is rendered insignificant in light of the full airing of Niksich's statements and his concerns in the course of his administrative appeal. His statements and concerns were addressed in the course of the administrative appeal.

b.    Niksich claims that he was not fully notified of the nature of the charges. The record shows otherwise. Niksich received a copy of the conduct report, received a copy of the report of investigation of incident, and received a copy of the screening report–all on October 18, 2007. Each of these documents identified the charge as a Class A offense 100. Furthermore, the written description of the offense was documented as "[f]iling false or fraudulent tax documents" on both the conduct report and the report of investigation of incident. Apart from this documented notice in advance of the hearing, Niksich's statement at the hearing demonstrates that he

was aware of the specific violation with which he was charged. The same is true of his administrative appeal. *Wolff* prescribes: "At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the Adjustment Committee." 418 U.S. at 564. Niksich was prepared for the hearing in No. ISR 07-10-0215 precisely because he received adequate and meaningful notice of the alleged violation of prison rules. There is no merit to his claim otherwise.

c.   Niksich contends that there was insufficient evidence to find him guilty. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." Id.; see also *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); see also *Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Here, the evidence of Niksich's misconduct was summarized in a response to one level of his administrative appeal: "You received a tax check, you signed for it, you are not entitled to a tax refund because you admitted you did not file 2006 taxed (sic) due to being incarcerated. A check of your trust fund indicates the money was deposited into your account." The evidence recited above was sufficient to support a reasonable adjudicator's finding that he was guilty of the infraction charged. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented").

7.   "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Niksich to the relief he seeks. Accordingly, Niksich's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:  7/2/2009